UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KENNETH HARDEN,

                    Plaintiff,

                                                      Case No. 05-CV-70559
vs.                                                   HON. GEORGE CARAM STEEH


PRODUCE PALACE,

                    Defendant.

_____/

<u>ORDER DISMISSING PLAINTIFF'S CLAIMS ON FAILURE TO PROSECUTE</u>

        Plaintiff Kenneth Harden, appearing <u>pro per</u>, filed a two-page form "COMPLAINT

AND MOTION FOR OTHER RELIEF" on February 14, 2005, alleging that defendant

Produce Palace, located at 29300 Dequindre, Warren, Michigan, 48092, is liable under Title

VII of the Civil Rights Act of 1964 for unspecified disability discrimination in employment

that allegedly occurred on May 1, 2004 and July 29, 2004, and allegedly resulted in

plaintiff's discharge.  Plaintiff caused defendant's default to enter on March 28, 2005 for

failure to appear or otherwise defend.

        On April 4, 2005, plaintiff moved for default judgment.  By Order dated April 11,

2005, plaintiff's motion for entry of default judgment was denied, and plaintiff was ordered

to show cause by May 2, 2005 why defendant's default should not be set aside for failure

to accomplish proper service of process as required by the Federal Rules of Civil

Procedure and/or Michigan Court Rules.  This court outlined the differing requirements for

obtaining proper service upon an individual, an individual doing business under an

assumed name, a corporation, a partnership, a limited partnership, a partnership association, and an unincorporated association, noting that plaintiff did not identify defendant Produce Palace's business status, nor the status of one Amy King who had signed a receipt of mail.  The April 11, 2005 Order required plaintiff  to make it appear by affidavit or otherwise that Produce Palace was properly served with a summons and copy of the complaint:

> At minimum, plaintiff shall identify the business status of Produce Palace (whether a named individual operating under the assumed name "Produce Palace," a corporation, a partnership, etc.), Amy King's relationship to Produce Palace (whether an owner, an officer, an agent, etc.), and the facts demonstrating service of a summons and complaint was made consistent with Produce Palace's business status, Amy King's relationship to Produce Palace, and the Federal Rules of Civil Procedure and/or Michigan Court Rules.

April 11, 2005 Order, at 4.

Plaintiff responded to the show cause order on April 12, 2005, and again on April 13, 2005, asserting that Amy King is "mgt." for Produce Palace, and that Produce Palace is owned by one Mark Yarsike.  By Order of April 18, 2005, this court set aside defendant Produce Palace's default on plaintiff's failure to show cause as required under the April 11, 2005 Order, with this court determining that plaintiff's submissions failed to meet the requirements of the April 11, 2005 Order, and further instructing that "plaintiff has 120 days from the filing of his February 14, 2005 complaint to properly serve defendant Produce Palace, or be subject to having his complaint dismissed without prejudice for failure to prosecute his claims.  Fed. R. Civ. P. 4(m)."  April 18, 2005 Order, at 3.  The court also expressly informed plaintiff:

> The court makes clear that plaintiff has not accomplished proper service of process upon Produce Palace.  Plaintiff is forewarned that his lawsuit will be

subject to dismissal if he does not take further action to accomplish service of process upon Produce Palace consistent with the Federal Rules of Civil Procedure and/or Michigan Court Rules, as outlined in the court's April 11, 2005 Order.

Id.

Since the court issued the April 18, 2005 Order, plaintiff has filed several documents: (1) an April 29, 2005 "response order to show cause"; (2) a May 5, 2005 "Response to Order to Show Cause"; (3) a May 5, 2005 "Certificate of Service"; (4) a May 16, 2005 "Facts + Details"; (5) a second May 16, 2005 "Facts + Details"; (6) a May 17, 2005 "Facts + Details"; (7) a May 24, 2005 request for entry of default; (8) a May 25, 2005 "Response = Facts + Details"; (8) a May 27, 2005 "Facts For the Record . . . Details"; (9) a May 31, 2005 "Facts + Details"; (10) a June 1, 2005 "Facts + Details"; (11) a June 2, 2005 "Prosecution"; (12) a June 3, 2005 "Damages"; (13) a June 3, 2005 "Closing Argument"; (14) a June 3, 2005 "Facts + Details"; (15) a June 8, 2005 "Complaint + motion for other Relief"; (16) a June 9, 2005 "Dishonesty + Deceit"; (17) a June 10, 2005 "Price of Deceit"; (18) a June 10, 2005 "Amend Default to Judgment"; (19) a June 13, 2005 submission regarding "Title VII of the Civil Rights Act"; (20) a June 14, 2005 submission regarding "The Final Determination/Notice of Right to Sue Letter from the Equal Employment Opportunity Commission"; (21) a June 15, 2005 "Out of Court Settlement"; (22) a June 15, 2005 submission of "Employment Discrimination as Amended 1964," and; (23) a June 16, 2005 submission of "Charging Parties."

What plaintiff has not done is shown by affidavit or otherwise that he has accomplished proper service of process upon defendant Produce Palace consistent with the Federal Rules of Civil Procedure and/or Michigan Court Rules.  See April 11, 2005

Order; April 18, 2005 Order. Plaintiff alleges in his 23 submissions that: Produce Palace is a partnership[1]; Amy King is "mgt" and a "bager [sic] (bagger?)"[2]; Mark Yarsike is the "owner of the building"[3]; "Sam Kaltz is the owner of the Co."[4]; Mark Yarsike is the "owner" of "Produce Palace International"[5]; Mark Yarsike is the "President" of Produce Palace International[6]; Victoria Krendel is an "agent for the Co. Produce Palace"[7]; Mark Yarsike is the "owner of the building"[8]; Produce Palace is a "Partnership" and a "summons was received by Victoria Krendel"[9]; Produce Palace is a "corporation, #275848" and Mark Yarsike is "resident agent"[10]; Mark Yarsike "holds all offices, President, Secretary + Treasurey [sic]" with "corporation under three names Produce Palace International, Produce Palace Gardens, Mr. Meats Id #275848"[11]; "certified mail of summons was received on 5-4-05 by a Ms. Victoria Krendel . . . who's a [sic] agent of Produce Palace

---

[1] April 29, 2005 "response order to show cause."

[2] Id.

[3] Id.

[4] May 5, 2005 "Response to Order to Show Cause."

[5] May 16, 2005 "Facts + Details."

[6] May 17, 2005 "Facts + Details."

[7] May 24, 2005 request for entry of default.

[8] Id.

[9] Id.

[10] May 31, 2005 "Facts + Details."

[11] June 1, 2005 "Facts + Details"

4

International"[12]; "Katz Samuel owner co. of Produce Palace . . . [and] is the taxpayer owner of the Produce Palace International of his owner property"[13]; "Produce Palace International is not a partnership[,] it's a corporation"[14]; Mark Yarsike is "Defendant's owner,"[15] and; "defendant's owner = Mark Yarsike."[16] An attachment to plaintiff's May 5, 2005 "Response to Order to Show Cause" indicates that one Victoria Krendel took delivery of certified mail at Produce Palace's 29300 Dequindre, Warren, Michigan address on April 5, 2005.

To date, plaintiff has demonstrated only that one Amy King and one Victoria Krendel have each received a copy of the summons by certified mail.  Accepting as true plaintiff's more recent allegations that defendant Produce Palace is a corporation and not a partnership, that Mark Yarsike and Sam Kaltz are co-owners of the defendant corporation, and that Mark Yarsike holds all the corporate offices of President, Secretary, and Treasurer, King's and Krendel's receipt of a copy of the summons by certified mail fails as a matter of law to establish that proper service of process has been accomplished upon corporate defendant Produce Palace because: (1) plaintiff has not shown that King and/or Krendel are agents authorized by Produce Palace to accept service of process (plaintiff alleges Yarsike is the resident agent, King is bagger and, without factual support, that Krendel is an "agent"); (2) plaintiff has not shown that anyone has been served with a copy

---

[12]   June 2, 2005 "Prosecution."

[13]   June 3, 2005 "Facts + Details."

[14]   June 10, 2005 "Amend Default to Judgment."

[15]   June 14, 2005 "The Final Determination/Notice of Right to Sue Letter from the Equal Employment Opportunity Commission."

[16]   June 16, 2005 "Charging Parties."

5

of the complaint; (3) plaintiff has not shown that a director, officer, resident agent, or person in charge of the corporation has been served with either a summons or a copy of the complaint, and; (4) plaintiff has failed to show that a summons and copy of the compliant was sent by registered mail to the corporation's principal office. See Fed. R. Civ. P. 4(h)(1); M.C.R. 2.105(D); April 11, 2005 Order.  Notwithstanding the court's repeated warnings to plaintiff, plaintiff has failed to accomplish service of process upon defendant Produce Place within the 120 day time frame of Federal Rule of Civil Procedure 4(m).  Accordingly, and consistent with the court's April 11, 2005 and April 18, 2005 Orders,

Plaintiff's claims are hereby DISMISSED for failure to prosecute and expiration of the 120 day time period of Rule 4(m).

Plaintiff is also hereby RESTRAINED AND ENJOINED from: (1) with the exception of a timely motion for reconsideration or notice of appeal, filing further written submissions in this lawsuit, and; (2) filing a new action in the United States District Court for the Eastern District of Michigan, against defendant Produce Palace or any affiliates, owners, officers, directors, agents, partners and/or employees of Produce Palace, without first obtaining leave of this court to file the action.  See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998) (authorizing district court to enjoin filing of further lawsuits without further obtaining leave of court); Filipas v. Lemons, 690 F.2d 1145, 46 (6th Cir. 1987) (same).  To obtain leave, plaintiff Kenneth Harden MUST initially comply with the following express requirements: (1) Harden must file a properly captioned "Motion Pursuant to Court Order Seeking Leave to File Complaint," and must attach a copy of this Order to the motion; (2) as an additional exhibit to that motion, Harden must also attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying the names and

6

addresses of the persons to be served with a summons and copy of the new complaint, and facts demonstrating such persons competent to accept service of process on behalf of defendant Produce Palace or any affiliates, owners, officers, directors, agents, partners and/or employees of Produce Palace; (3) as an additional exhibit to the motion, Harden must also attach documentary evidence establishing Produce Palace's alleged corporation status (if in fact Produce Palace is a corporation) and the officers and directors of Produce Palace; (4) as an additional exhibit to the motion, Harden must also attach a properly captioned proposed complaint.  Failure to comply with the terms of this Order may itself be grounds for denying any motion for leave to file a new complaint, and compliance with this Order shall not, of itself, constitute grounds for granting leave to file a new complaint.

SO ORDERED.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  June 17, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 17, 2005, by electronic and/or ordinary mail.


s/Josephine Chaffee
Secretary/Deputy Clerk